UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MIKEY CHIM,<br>Defendant. | CASE NO. 2:25-cr-00243-LK<br><br>ORDER CONTINUING TRIAL DATE |

This matter comes before the Court on the Defendant Mikey Chim's unopposed motion to continue trial date and related deadlines. Dkt. No. 22. He "request[s] that the Court continue trial to November 23, 2026, and establish October 13, 2026, as the deadline for filing pretrial motions." *Id.* at 2. Mr. Chim has waived his speedy trial rights through December 15, 2026. Dkt. No. 26.

On December 10, 2025, a federal grand jury indicted Mr. Chim on one count of Possession of a Controlled Substance with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and Title 18, United States Code, Section 2. Dkt. 1 at 1–2. Mr. Chim pleaded not guilty to all charges, and he was ordered detained pending trial. Dkt. No. 8. The Court set a pretrial motions deadline of January 9, 2026, *id.*, which it continued to January 23, 2026 at Mr. Chim's

request, Dkt. Nos. 12–13. The Court then granted the parties' stipulated motion to continue trial from February 23, 2026 to August 24, 2026, with pretrial motions due by June 29, 2026. Dkt. No. 21 at 3. Mr. Chim now seeks to move his trial to November 23, 2026. Dkt. No. 22 at 1.

Mr. Chim avers that "the additional time will permit defense counsel to provide effective representation, adequately prepare the matter for trial, and continue discussions that may resolve or narrow the issues requiring litigation." *Id.* at 2. The Court agrees that more time is necessary for effective preparation and representation of Mr. Chim's interests. Specifically, the Court finds that given the nature and circumstances of this case, and pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting a continuance outweigh the best interests of the public and Mr. Chim in any speedier trial. The Court finds that failure to grant the requested continuance would likely result in a miscarriage of justice by denying Mr. Chim the reasonable time necessary for effective preparation due to his counsel's need for more time to prepare for trial, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). The Court finds that the additional time granted herein is a reasonable period of delay and will be necessary to provide counsel reasonable time to accomplish the above tasks.

However, the Court denies Mr. Chim's request to extend the deadline for pretrial motions. Mr. Chim explains that he "did not seek the present continuance before [the pretrial motions] deadline because the parties were engaged in active resolution discussions and reasonably anticipated that the case would resolve before trial." Dkt. No. 22 at 2. The Court previously cautioned the parties that "a failure to timely raise a pretrial objection required by Rule 12, absent a showing of good cause, constitutes a waiver[.]" Dkt. No. 21 at 1 n.1 (quoting *United States v. Ghanem*, 993 F.3d 1113, 1120 (9th Cir. 2021) (citation modified)). Despite that clear warning, and despite it being completely foreseeable that plea negotiations would not resolve sufficiently in advance of trial, this is the second time Mr. Chim has filed a motion to continue trial after the

expiration of the deadline for pretrial motions, and he has failed to show good cause or excusable neglect justifying the belated request. The Court accordingly finds that pretrial motions have been waived.

For these reasons, the Court GRANTS IN PART the motion, Dkt. No. 22, and ORDERS that Mr. Chim's trial shall be continued to November 23, 2026. It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date of this Order to the new trial date is EXCLUDED when computing the time within which his trial must commence under the Speedy Trial Act.

Dated this 18th day of August, 2026.

Lauren King
United States District Judge